[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1251

LUZ M. GONZALEZ,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

---

Fabio A. Roman Garcia on brief for appellant.
Guillermo Gil, United States Attorney, Lilliam Mendoza Toro, Assistant United States Attorney, Arthur J. Fried, General Counsel, Robert J. Triba, Chief Counsel, and Maria A. Machin, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

October 5, 2000

**Per Curiam**.   The claimant, Luz M. Gonzalez, has appealed from a district court judgment affirming a decision of the Commissioner of Social Security that denied Gonzalez's application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 et seq.  We have carefully reviewed the parties' briefs and the record on appeal.  We affirm essentially for the reasons stated in the district court's opinion, dated November 19, 1999.  We add only the following.

Gonzalez is mistaken in her contention that the administrative law judge ("ALJ") omitted her limitation in reaching with her right arm and shoulder from the hypothetical presented to the vocational expert ("VE"). That limitation was contained in the hypothetical. Gonzalez is similarly mistaken in her contention that the ALJ's written decision ignored her limitation in reaching.  The ALJ mentioned, and indeed accepted, the opinions of two physicians, each of whom had found Gonzalez to be limited in reaching.

As for Gonzalez's citation to cases that conclude that application of the age criteria of the "grid," see 20 C.F.R. pt. 404, subpt.P, app.2, § 200.00(d), is inappropriate in "borderline" cases -- that is, cases involving claimants whose age falls near the line between two age categories -- that citation is misplaced. Unlike the cases which Gonzalez cites, the ALJ in the instant case did <u>not</u> find Gonzalez not disabled by reliance on the grid. Rather, the ALJ sought, obtained, and relied on VE testimony, using the grid only as a framework. Consistent with the regulations, the ALJ made an individualized determination of Gonzalez's abilities and limitations and, thus, did not apply the age category in an inappropriate mechanical fashion.

<u>Affirmed</u>.